891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher LOWE, Defendant-Appellant.
 No. 89-10114.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 26, 1989.*
Decided Dec. 6, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christopher Lowe appeals the district court's application of § 2F1.1 of the Sentencing Guidelines to his case. Lowe pled guilty to a charge of principal liability for fraud in connection with access devices in violation of 18 U.S.C. §§ 2 and 1029(a)(2). The district court found that the aggregate losses of Lowe's victims, several long-distance telecommunications companies, exceeded $50,000.00. As a result, under § 2F1.1, the district court raised Lowe's offense level to 12 points and imposed a sentence of 18 months. Lowe contends that the district court erred in its determination of the total dollar losses of his victims. We have jurisdiction under 28 U.S.C. § 3742(a) and we affirm.
 
 
 3
 We review de novo an application of the Sentencing Guidelines. United States v. Restrepo, No. 88-3208, slip op. 12355, 12358 (9th Cir. Oct. 4, 1989). Our review of the district court's factual findings is for clear error. Id. see also 18 U.S.C. § 3742(e) (district court's findings of fact in imposing Guidelines sentences are to be reviewed under clearly erroneous standard).
 
 
 4
 We consider first whether the district court construed the Guidelines correctly. United States v. Restrepo, No. 88-3208, slip op. at 12359. Under § 2F1.1, the court must increase the base level of the offense by five points if the estimated, probable or intended loss was between $50,001.0 and $100,000.00. Sentencing Guidelines § 2F1.1(b)(1)(F).
 
 
 5
 Lowe argues that the district court must determine the specific loss to each victim, rather than estimating the loss to all victims based on proof of loss to one. This argument has no merit. The district court may make a reasonable estimate of the loss based on available information. Under § 2F1.1,
 
 
 6
 The amount of loss need not be precise. The court is not expected to identify each victim and the loss he suffered to arrive at an exact figure. The court need only make a reasonable estimate of the range of loss, given the available information. The estimate may be based on the approximate number o victims and an estimate of the average loss to each victim, or on more general factors, such as the nature and duration of the fraud.
 
 
 7
 Sentencing Guidelines § 2F1.1, Application Note 8. We are satisfied that the district court correctly applied § 2F1.1 in estimating the loss to Lowe's victims.
 
 
 8
 Lowe next disputes the district court's factual findings that his gain was approximately $20,000.00 and that the loss to his victims was 3.5 times that amount, or $70,000.00. Because we review these findings under the clearly erroneous standard, we will accept the district court's findings unless our review leaves us with a " 'definite and firm conviction that a mistake has been committed.' " United States v. Silverman, 861 F.2d 571, 576 (9th Cir.1988) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).
 
 
 9
 At trial, Lowe estimated that his gain from the scheme totaled approximately $20,000.00. At sentencing, Lowe changed his estimate to approximately $11,000.00, testifying that his monthly grosses ranged between $350.00 for thirteen customers in October, 1987, and $3,000.00 for twenty-eight customers in March, 1988. The government offered bank records to rebut Lowe's testimony. These bank records reflected deposits to a bank account in an alias used by Lowe solely for this fraudulent scheme that totaled over $20,000.00. The district court accepted these records as the basis upon which to calculate Lowe's gross income and found Lowe's gain to be that amount. We believe that this finding is well supported by the record.
 
 
 10
 The multiplier used by the district court to determine the loss to Lowe's victims was based on figures supplied by U.S. Sprint, which suffered 90 percent of the loss attributable to the conspiracy. U.S. Sprint determined, based on a random sampling of customers with access to fraudulently obtained long-distance access codes, that each dollar gain to the supplier caused an average loss of $3.50 to U.S. Sprint. Lowe objects to this figure only because the district court applied it to determine the loss to all victims. As we have noted above, however, the Sentencing Guidelines require only a reasonable estimate of loss. We are satisfied that an estimate based on figures supplied by the corporation that suffered 90 percent of the total loss is well within the bounds of reason.
 
 
 11
 Because the district court applied the Guidelines correctly and the factual findings are not clearly erroneous, the sentence is hereby AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3